## In re TAYLOR.

(District Court, D. Colorado. August 1, 1901.)

1. BANKRUPTS—CONCEALED ASSETS—IMPRISONMENT.

A bankrupt cannot be imprisoned indefinitely on the ground that he has concealed assets, especially when it is not known certainly that he has the assets which he is called on to surrender, and where he has been kept in jail for something over a month he ought not to be confined longer.

2. SAME—EXEMPTIONS.

A bankrupt who has made way with the greater part of his assets, and gotten them out of the jurisdiction, cannot ask to have an exemption set apart to him out of what is in the court's possession.

In Bankruptcy. On exceptions to rulings of referee.

John T. Bottom and Frank E. Carstarphen, for bankrupt.

Bicksler, McLean & Bennett, for creditors.

HALLETT, District Judge (orally). There is no doubt whatever that this man is a swindler, and a very bold and unscrupulous one. It has been apparent at all times that he either gave the money which he drew from the bank to the woman he calls his wife or kept it himself. The story that he put it in a cupboard under a stairway is incredible. That he drew the money from the bank and put it in such a place as that is too absurd for belief. If his wife was a concubine, and not his wife, she has probably made off with it, and is indifferent to his fate. In that view, he cannot return the money. Upon the hypothesis that he has possibly concealed the money, or at least $1,700 of the amount, and knew where he could get it, we have kept him in jail for something over a month. In a proceeding of this kind the court is not authorized to imprison a bankrupt indefinitely, especially when it is not certainly known that he has the money which he is called upon to surrender; and upon the ground that the bankrupt has been kept a sufficient time, probably, to induce him to surrender the money if he has it, I suppose he must now be discharged. In making such an order I would not have it understood that I am at all convinced that he has not this money in some place of concealment. He is a man of low order,—so low that it is most extraordinary that merchants should have given him credit. I do not think the merchants are entitled to very much sympathy in a case of this kind,—to pick up an adventurer of this sort and sell him goods. They ought to expect to be swindled. We will discharge the bankrupt from imprisonment upon the ground that it seems to be useless to keep him longer imprisoned in order to recover this money.

As to the exception to the report of the referee in disallowing the exemption, that will be overruled. It would be most extraordinary if a man of this kind, after making away with a great part of his stock, and getting it out of the jurisdiction, could come into court and ask that he have an exemption from the remainder of the stock. The statute of exemptions is made for honest debtors, and not for men like this one. The ruling of the referee in that respect is sustained.